UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald E. Halla, et al., | Court File No. 15-cv-4115 (JRT/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| LikeZebra, LLC, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Plaintiffs Donald E. Halla and Donald E. Halla IRA ("Plaintiffs") commenced the present action on or about November 13, 2015, by filing their Complaint. (Compl. [Docket No. 1]). More than 120 days after Plaintiffs filed their Complaint, Plaintiffs had not provided proof of service of a summons and Complaint on Defendants Craig Rickard or Keith Phillips.[1] Accordingly, the Court issued an Order notifying Plaintiff that the version of the Federal Rules of Civil Procedure in effect at the time that Plaintiffs initiated the present action required plaintiffs to demonstrate proof of service "within 120 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (amended December 1, 2015). Pursuant to Rule 4(m), the Court directed Plaintiffs,

---

[1] At that time Plaintiffs had also not provided proof of service of a summons and Complaint on Defendant LikeZebra, LLC; however, Defendant LikeZebra, LLC, has since been dismissed without prejudice from the present action for Plaintiffs' failure to comply with the Court's Order of April 16, 2016, [Docket No. 12]. (Order Adopting Report and Recommendation [Docket No. 18]).

in part, to provide proof of service or demonstrate good cause for an extension of time to serve Defendants Craig Rickard and Keith Phillips, failing which the Court would recommend dismissal for failure to effect proper service and failure to prosecute. (Order [Docket No. 8]).

On April 15, 2016, Plaintiffs filed a Letter, [Docket No. 15], in which they, in pertinent part, represented that Plaintiffs had not yet been able to serve Defendants Rickard and Phillips. (Letter, [Docket No. 15], at 1). Plaintiffs, however, also informed the Court that they were "very close to successfully serving all Defendants[.]" (Id. at 2). In an effort to do so, Plaintiffs requested a sixty (60) day extension in order to allow Plaintiffs additional time to properly serve the remaining Defendants. (Id.). On April 20, 2016, the Court granted, in part, Plaintiffs' request by giving Plaintiffs an extension of time until **May 20, 2016,** to provide proof of service upon Defendant Phillips and Defendant Rickard. (Order [Docket No. 16]). The Court specifically noted that an extension of sixty (60) days seemed excessive given that Plaintiffs had already, at that point, had more than 150 days to effect service on all Defendants, and more particularly that in Plaintiffs' own letter requesting the extension, Plaintiffs represented that Defendant Phillips is willing to voluntarily waive service and they are now aware of the residence of Defendant Rickard. (Id. at 2, fn. 1).

May 20, 2016, has come and gone, and Plaintiffs have neither provided proof of service as to Defendant Phillips or Defendant Rickard nor articulated good cause as to why the Court should grant them an additional extension of time to do so. Therefore, pursuant to Rule 4(m), **IT IS HEREBY RECOMMENDED** that Defendant Phillips and Defendant Rickard be **DISMISSED without prejudice**, from this action, for Plaintiffs' failure to effect service, for lack of prosecution, and for failure to comply with the Court Orders of March 29, 2016, and April 20, 2016, [Docket Nos. 8, 16], unless Plaintiff, within the 14-day period to object to this

- 3 -

Report and Recommendation, provides proof of service or demonstrates good cause for an extension of time to serve Defendant Phillips and Defendant Rickard. See Widtfeldt v. Daugherty, U.S. Ct. App. No. 14-1907 (8th Cir. December 16, 2014) (*per curiam*, unpublished) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within 120 days after filing his complaint).

Dated: June 1, 2016    s/ Leo I. Brisbois
                       Leo I. Brisbois
                       U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.